IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON,<br><br>Plaintiff,<br><br>v.<br><br>RON NUTT and SCHERYL NUTT,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:05-cv-00874-DB-PMW<br><br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B). Because Allen Wolfson ("Plaintiff") is proceeding pro se in this matter, the court will construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff previously filed a motion for leave to proceed in forma pauperis,[1] pursuant to 28 U.S.C. § 1915, which the court granted.[2] Plaintiff's complaint[3] states that he is a resident of Utah and asserts federal question jurisdiction under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). This notwithstanding, the sole claim in the complaint alleges that Plaintiff entered into a lease agreement for an office facility in Kansas with Ron Nutt

---

[1] *See* docket no. 1.

[2] *See* docket no. 2.

[3] *See* docket no. 3.

and Scheryl Nutt (collectively, "Defendants") and that Defendants subsequently breached that lease agreement.

Whenever the court authorizes a party to proceed without the prepayment of fees under 28 U.S.C. § 1915, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, it is well settled that the court has a duty to raise and determine sua sponte under rule 12 of the Federal Rules of Civil Procedure whether subject matter jurisdiction exists in a particular case. *See* Fed. R. Civ. P. 12(b)(1), (h)(3); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

While Plaintiff's complaint states that jurisdiction is proper under 28 U.S.C. § 1331, that statutory provision provides for jurisdiction only if a case involves a federal question. Plaintiff's sole claim is for breach of contract, which is governed by state law and does not present a federal question. Therefore, based on the face of Plaintiff's complaint, the court does not have subject matter jurisdiction.

Further, even if Plaintiff meant to assert jurisdiction based upon diversity of citizenship, *see* 28 U.S.C. 1332, he has failed to include the necessary allegations to that effect. While Plaintiff asserts that he is a citizen of Utah, he has failed to include any allegations concerning Defendants' citizenship. Accordingly, even when read liberally, Plaintiff's complaint fails to demonstrate that subject matter jurisdiction exists based on diversity of citizenship.

For these reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and rule 12.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(1), (h)(3); *Laughlin*, 50 F.3d at 873.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of August, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge